IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CEDRIC WARREN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION 2:08-0522-KD-C |
| | ) |
| **BOBBY PERKINS and** | ) |
| **HALE COUNTY JAIL,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that he was "mased" for no reason at all by Officer Bobby Perkins at the Hale County Jail and that the Hale County Jail "provide no medical or assistance" afterward (doc. 1). The action is now before the Court on the report and recommendation entered by Magistrate Judge William E. Cassady and plaintiff's objections (docs. 25, 26).

Previously, defendants' answer and special report were converted to a motion for summary judgment (docs. 18, 19). Subsequent thereto, a letter was received from plaintiff indicating that he had not received any documents from the court and clarifying his mailing address. Plaintiff also filed an affidavit wherein he set forth his version of the events leading up to his alleged injury (doc. 22). The Court then entered a second order converting the answer and special report which set a new deadline for plaintiff to respond to the motion for summary judgment (doc. 21). Plaintiff requested appointment of counsel which was denied (docs. 23, 24). Plaintiff did not file a response to the motion for summary judgment. On July 14, 2009, a report and recommendation was entered wherein the Magistrate Judge recommended dismissal with

prejudice of plaintiff's claims (doc. 25). On July 27, 2009, plaintiff filed his objection (doc. 26).

The Magistrate Judge recommends that plaintiff's complaint be dismissed with prejudice because the facts do not support plaintiff's claim that he was subject to any force other than *de minimis* force which is insufficient to establish a constitutional violation under the Fourteenth or Eighth Amendment. The Magistrate Judge also recommends dismissal of plaintiff's claim of inadequate medical treatment because having found plaintiff sustained no more than a *de minimis* injury, plaintiff can have no claim under the constitution for failure to provide adequate medical care for a serious medical need. Construing plaintiff's allegation that his jail privileges were taken without a hearing to be an allegation of a due process violation, the Magistrate Judge found that his claim failed as a matter of law because there is no constitutional right to visitation or store and telephone privileges. The Magistrate Judge also recommended dismissal because the evidence indicated that plaintiff had failed to exhaust the administrative remedies, specifically the grievance procedure, available to him at the Hale County Jail. As to the Hale County Jail, the Magistrate Judge recommended dismissal because the Jail lacks the capacity to be sued.

Plaintiff filed an objection to the recommendation wherein he requests that the court review all the facts in this case and reverse the recommendation. Plaintiff asserts that Officer Perkins sprayed him with pepper spray for no reason. He also argues that Officer Perkins abused his authority by illegal use of force without justification when he sprayed plaintiff and failed to apply the proper medical assistance after the incident. Plaintiff also argues that even though the Prison Litigation Reform Act may require an exhaustion of administrative remedies, he did not exhaust because "there were no administrative remedies available to the plaintiff at the time of

2

the incident" and"there are no forms of relief [or] any administrative avenues".  According to Plaintiff, there are "only inmate request forms, [which] at most times are never answered" and "there are no administrative remedies available to any inmate or proceeding, not just for this type of incident but others as well" in the Inmate Rules and Regulations Hand Book.  Plaintiff did not object to the dismissal of the Hale County Jail on basis that it lacks capacity to be sued.

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the following portions of the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) with included amendments are **ADOPTED** as the opinion of this Court:

**Section I is amended as follows:**

> I.    Findings of Fact[1]
>
> 1.    "On July 9, 2006, I was mased (*sic*) in the face by Officer Bobby Perkins. I was in my cell when I was told by another inmate that Mr. Perkins had taken my bag.  I call on the mic[rophone] spoke to the supervisor Mr. Tommy Cross and told him what had happen.  He stated he would call Perkins to ask why he had taken my bag and to return it. Mr. Perkins return, call me out of my room down to the door where he was standing and handed my bag and inform me that he had taken my shirt.  I ask him why, he stated you know why, close my M.F. door and proceeded to pull out his mase can.  But mind you every inmate and guard stands in the door and talk.  [T]here's no rule posted on the widow (*sic*) where rules [are] posted. {N]o rule books are given to inmates upon lock up so if that was against the rule I wasn't inform.  I proceeded to ask Mr. Perkins about my shirt, that's when he pepper sprayed and ran the other way up the hall. I ran to the shower to rinse my eyes out.  I was help to my room by other inmates where I call to the supervisor to notify that I had been mased."
>
> (doc. 22) (some punctuation and capitalization added for clarity)

---

[1] For purposes of summary judgment only, the court assumes the incident occurred in the manner described by plaintiff.

  2.  Plaintiff's eye was "bothering" him (doc. 2, Exhibit Letter).

  II. <u>Summary Judgment Standard</u>

  1. In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles. The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment. "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . .'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c).

  2. The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from it, in the light most favorable to" that party. <u>Barfield v. Brierton</u>, 883 F.2d 923, 934 (11th Cir. 1989).

  3. However, Rule 56(e) states that:

> an adverse party [to a motion for summary judgment] may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); <u>see</u> <u>also</u> <u>Celotex Corp.</u>, 477 U.S. at 325-27.

  4. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." <u>Anderson v. Liberty Lobby</u>, Inc., 477 U.S. 242, 249-50 (1986) (internal citations omitted). "Summary judgment is mandated

where a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc., 508 F.3d 641, 647 (11th Cir. 2007) (citations omitted).

**Section III is adopted as follows:**

    1. As discussed above, Plaintiff seeks redress in this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations arising out of an altercation between himself and Defendant Perkins on July 9, 2008, while Plaintiff was incarcerated in the Hale County Jail.

    2. Plaintiff claims that Defendant Officer Perkins used excessive force in spraying pepper spray into his face.

    3. Plaintiff further claims that Defendant Hale County Jail denied him medical care after he was exposed to the pepper spray. He also complains that his "jail privileges" were subsequently taken without a hearing. (Doc. 2 at 1).

    4. Section 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983 (1994).

    5. In addressing Plaintiff's claims brought under § 1983, the Court begins its analysis "by identifying the specific constitutional right allegedly infringed. . . ." Graham v. Connor, 490 U.S. 386, 394 (1989).

    6. In this case, it is unclear from the record whether Plaintiff was being held in the Hale

County Jail as a convicted prisoner, in which case the Eighth Amendment applies to him, or as a pretrial detainee, in which case the Fourteenth Amendment is applicable. See Williams v. Limestone County, Ala., 198 Fed. Appx. 893, 896 n.3 (11th Cir. 2006) (citing Bell v. Wolfish, 441 U.S. 520 (1979)). However, under either analysis, the result is the same.

     7. "'[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments.'" Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1318 n.13 (11th Cir. 2005) (quoting Marsh v. Butler County, Ala., 268 F.3d 1014, 1024 n.5 (11th Cir. 2001)); see also Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) ("'it makes no difference whether [plaintiff ] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same. . . .'") (citations omitted); Dailey v. Hunter, 2006 WL 4847739, *2 (M.D. Fla. 2006) ("the legal standards under the Eighth Amendment and the Fourteenth Amendment due process clause are the same, and the Eighth Amendment case law is applicable."); Williams, 198 Fed. Appx. at 896 n.3 ("the standard for violations of the Eighth Amendment apply to pretrial detainees through the due process clause.").

    A. Excessive Force.

     8. The Eighth Amendment allows a convicted inmate to be punished as long as that punishment is not "cruel and unusual." Bell, 441 U.S. at 535 n.16 (citing Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977)). Specifically, the Eighth Amendment "prohibits the unnecessary and wanton infliction of pain. . . , the infliction of pain totally without penological justification. . . , [and] the infliction of punishment grossly disproportionate to the severity of the offense." Ort v. White, 813 F.2d 318, 321 (11th Cir. 1987) (citing Rhodes v. Chapman, 452 U.S.

337, 346 (1981)).

9. In order to establish an Eighth Amendment claim, an inmate must prove both an objective and subjective component. First, the plaintiff must show that the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation, and, second, he must show that "the officials act[ed] with a sufficiently culpable state of mind," *i.e.*, that they acted "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).

10. Under the Fourteenth Amendment, a pretrial detainee "may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell, 441 U.S. 520, 535 (1979). Therefore, the use of excessive force against a pretrial detainee amounting to punishment is strictly prohibited. See Graham, 490 U.S. at 395 n.10.

11. However, "not every application of intentional force rises to the level of a deprivation of due process." Bozeman, 199 F. Supp. 2d 1216, 1229 (M.D. Ala. 2002) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

12. "Whether a jailer's use of force is excessive, and thus violates the inmate's Fourteenth Amendment right to be free from cruel and unusual punishment, depends on whether the jailer's act 'shocks the conscience,' Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007), and it necessarily will if the force 'was applied ... maliciously and sadistically for the very purpose of causing harm.'" Cockrell, 510 F.3d at 1311 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).

13. In the prison security context, the factors used to determine whether there has been a violation of the Eighth Amendment are essentially the same as those used under a Fourteenth Amendment analysis: the need for the application of force, the relationship between that need

and the amount of force used, the threat reasonably perceived, any efforts to temper the severity of a forceful response, and the extent of injury suffered.[2] Hudson, 503 U.S. at 7 (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).

14. Considering the evidence in the light most favorable to Plaintiff, the question is whether a jury could reasonably conclude that Defendant Perkins violated Plaintiff's rights under either the Fourteenth or Eighth Amendment.

15. Under the circumstances of this case, the Court finds that Plaintiff's allegations fail to establish a violation under either amendment.

16. Considering the final factor, the extent of injury suffered, the Court is mindful that inherent in the protection afforded by both the Fourteenth and Eighth Amendments is the principle that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Clark v. Johnson, 2000 WL 1568337, *12 (S.D. Ala. 2000) (unpublished)[3] (quoting

---

[2] In assessing the actions of a corrections officer under the Fourteenth Amendment, the Eleventh Circuit has adopted the analysis set forth by the Second Circuit in Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973):

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Gilmere v. City of Atlanta, Ga., 774 F.2d 1495, 1500-01 (11th Cir. 1985) (quoting Johnson, 481 F.2d at 1033). Accord Bozeman, 199 F. Supp. 2d at 1229.

[3] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC, 253 Fed. Appx. 861, 865, 2007 WL 3307384, *3 (11th Cir. 2007).

Hudson, 503 U.S. at 9-10).

17. Under the Fourteenth Amendment, "[t]here is . . . a *de minimis* level of imposition with which the Constitution is not concerned." Ingraham, 430 U.S. at 674.

18. Similarly, the objective component of an Eighth Amendment excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"[4] Hudson, 503 U.S. at 9-10 (quoting Whitley, 475 U.S. at 327).

19. The record in the present case is devoid of evidence of injury to Plaintiff from his exposure to pepper spray. Even Plaintiff does not allege any significant, lasting ill effects from the pepper spray.

20. While the Court is aware that, even in the absence of serious or significant injury, a plaintiff can establish a constitutional claim based on excessive force, Defendant's actions in this case, as described by Plaintiff, do not involve diabolic or inhuman torture designed to inflict extreme pain without leaving any mark or tangible injury, nor are they otherwise so egregious

---

[4] While the Supreme Court in Hudson did not define "*de minimis* use of force," it held that neither "serious" nor "significant" injury is required to satisfy the objective component of an Eighth Amendment claim, nor is any arbitrary quantum of injury an absolute requirement of an excessive force claim, apparently out of concerns that certain forms of torture are capable of inflicting extreme pain without leaving any mark or tangible injury. Id. at 9 ("Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury."). At the same time, the court suggested that the degree of injury received is relevant to determining whether more than *de minimis* force was used. See id., 503 U.S. at 10 (blows causing bruising, swelling, loosened teeth and a cracked dental plate do not constitute a *de minimis* use of force). In the present case, there are no allegations of torture designed to inflict extreme pain without leaving tangible injury or conduct that otherwise is so egregious that one could reasonably call it repugnant to the conscience of mankind. Therefore, the extent of Plaintiff's injury is an important factor in determining whether more than *de minimis* force was used.

that one could reasonably call them repugnant to the conscience of mankind.

21. Accordingly, the Court finds that, in this case, Plaintiff's allegations simply do not support his claim that he was subjected to anything other than *de minimis* force, which is insufficient to establish a constitutional violation under the Fourteenth or Eighth Amendment. See Fischer v. Ellegood, 238 Fed. Appx. 428, 431, 2007 WL 1624315, *3 (11th Cir. 2007) (unpublished) (affirming summary judgment for jail employees on Eighth Amendment excessive force claim where pepper spray was administered for purpose of restoring order, and it was "doubt[ful]" that plaintiff suffered any injury from the exposure).

22. Accordingly, whether analyzed under the Eighth or Fourteenth Amendment, Plaintiff's excessive force claim fails as a matter of law.

   B. Inadequate Medical Treatment.

23. "[T]he minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs." Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997) (emphasis added).

24. Having found herein that Plaintiff suffered nothing more than *de minimis* injury as a result of his exposure to pepper spray, he can have no claim under the Eighth or Fourteenth Amendment for failure to provide adequate medical care for a "serious" medical need. Id.

25. Therefore, Defendants are entitled to judgment on Plaintiff's denial of medical care claim as a matter of law.

C. Due Process.

26. The Court construes Plaintiff's vague and general statement of "[m]y jail privileges were taken without a hearing" to be an allegation of a due process violation. (Doc. 2 at 1). Although Plaintiff fails to enlighten the Court as to what type of privileges were taken from him, the Court will assume that Plaintiff was denied visitation, store, and telephone privileges.

27. In order to assert a Fourteenth Amendment due process claim, Plaintiff must have been deprived of "life, liberty, or property." Wolff v. McDonnell, 418 U.S. 539, 556 (1974); U.S. Const. amend. XIV, § 1 (providing, in part: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law...").

28. However, the Court finds that the Constitution does not grant an inmate a right in visitation, store, and telephone privileges. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause); Moore v. Pemberton, 110 F.3d 22, 23 (7th Cir. 1997) (finding no loss of liberty or property when prisoner received as part of his disciplinary punishment two-week loss of commissary privileges); Walker v. Loman, 2006 WL 3327663, at *3 (M.D. Ala. Nov. 15, 2006) (holding the 90-day loss of store, telephone and visitation privileges, recommended custody increase, and referral for possible free-world prosecution did not result in the deprivation of a liberty interest) (unpublished). And the Alabama courts have determined a prisoner does not have a state created liberty interest in store, telephone and visitation privileges. Dumas v. State, 675 So.2d 87, 88 (Ala. Crim. App. 1995).

29. Therefore, Plaintiff's claim relating to being deprived of his "jail privileges" without a hearing fails as a matter of law.

D. <u>Claims Against Hale County Jail.</u>

30. Although Plaintiff has failed to assert any constitutional violations in this action, even if he had properly raised a constitutional claim, Defendant Hale County Jail is not a proper defendant.

31. In order to bring a viable § 1983 claim, the defendant sued must be an entity that is subject to being sued. <u>Dean v. Barber</u>, 951 F.2d 1210, 1241 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held...." Fed. R. Civ. P. 17(b); <u>see</u> <u>Dean</u>, 951 F. 2d at 1214.

32. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." <u>Id</u>. In Alabama, a sheriff's department does not have the capacity to be sued. <u>Id.</u>; <u>King v. Colbert County</u>, 620 So. 2d 623, 626 (Ala. 1993); <u>White v. Birchfield</u>, 582 So. 2d 1085, 1087 (Ala. 1991). Moreover, Alabama law provides that the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto...." Ala. Code § 14-6-1.

33. Generally, a sheriff's department operates a county jail. Because a sheriff's department lacks the capacity to be sued, then it follows that the jail likewise lacks the capacity to be sued. <u>Holifield v. City of Mobile Mun. Court</u>, 2009 WL 793516 (S.D. Ala. March 19, 2009) (unpublished); <u>see</u> <u>also</u> <u>Hawes v. Bowden</u>, 2009 WL 88554, at *3 (M.D. Ala. Jan. 13, 2009) (unpublished) ("A county jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983.").

34. Therefore, Defendant Hale County Jail is entitled to judgment as a matter of law as to all of Plaintiff's claims.

IV.  Conclusion

35. If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial," Rule 56(c) mandates that summary judgment be entered against the nonmovant. Celotex Corp., 477 U.S. at 322.

36. "No material issues can be in dispute where the plaintiff's evidence fails to establish a constitutional violation." Bennett v. Parker, 898 F.2d 1530, 1534 (11th Cir. 1990). Therefore, since no constitutional violation has been established, Defendants' Motion for Summary Judgment is due to be granted.

37. Based on the foregoing, the Court concludes that Defendants are entitled to summary judgment in their favor on all claims asserted against them by Plaintiff.

38. Accordingly, the Motion for Summary Judgment of Defendants Bobby Perkins and the Hale County Jail is GRANTED and that the entirety of Plaintiff's Complaint against these Defendants is DISMISSED with prejudice.

**DONE** this 31st day of August, 2009.

        s/ Kristi K. DuBose
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**